IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 06-cv-00305-MSK-GJR

GRAND JUNCTION GASTROENTEROLOGY, PLLC;
GRAND JUNCTION ENDOSCOPY CENTER, PLLC,

    Plaintiffs,

vs.

GREGORY A. SZYCH,

    Defendant.

---

ORDER RE: PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

---

The Plaintiffs' Motion for Protective Order, requesting that the Court enter a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(2), requiring Defendant to depose Plaintiffs' witnesses, who reside in Grand Junction, Colorado, in Grand Junction, Colorado, instead of Denver, Colorado, as Defendant has demanded, is GRANTED.

The Plaintiffs, Grand Junction Gastroenterology, PLLC (Plaintiff GJGP) and Grand Junction Endoscopy Center, PLLC (Plaintiff Endoscopy) are Colorado professional limited liability corporations with their principal place of business located at 1035 Wellington Avenue, Grand Junction, Colorado.

Plaintiffs GJGP and Plaintiff Endoscopy filed a complaint in the Mesa County District Court, alleging that the Defendant, a resident of Jackson, Tennessee, breached

his contract with the Plaintiffs. The Defendant removed the action to the U.S. District Court for the District of Colorado.

The Defendant seeks to depose Doctors Steve Seagren and Peter Walsh and Marie Moore in Denver, Colorado, where the attorney for the Defendant practices. Doctors Seagren and Walsh are physicians working for the Plaintiffs. Ms. Moore is the office manager for the Plaintiffs. The witnesses work in Grand Junction, Colorado.

Generally the examining party may set the place for the deposition of another party wherever the examining party wishes, subject to the power of the court to grant a protective order. Plaintiffs are generally required to make themselves available for examination in the district in which the suit is brought. (<u>Detweiler Bros. v. John Graham & Co.</u>, 416 F.Supp 416, 422 (D.C. Wash. 1976)). Both Grand Junction, Colorado and Denver, Colorado lie within the District of Colorado, albeit approximately 250 miles apart. Defendant argues that it is appropriate for the depositions set by the Defendant to take place in Denver since the action and the deponents are in the District of Colorado. Defendant also argues that the Defendant should not have to incur the additional expense of having his counsel travel to Grand Junction to depose the Plaintiffs' witnesses.

The cases cited by both Plaintiffs and Defendant are not particularly helpful in resolving this dispute, since the cases cited deal primarily with out of district witnesses, not with witnesses who reside within a large single district. It is noted that the Plaintiffs commenced their action in the Mesa County District Court. The matter is now before the U.S. District Court because of Defendant's removal of this case from the Mesa County

2

District Court. Had the matter not been removed to the U.S. District Court by the Defendant, the place of deposition would have been governed by C.R.S. § 13-90-111.

Rule One of the Rules of Civil Procedure mandates that the Rules be construed and administered to secure the just, speedy and inexpensive determination of every action. Local Rule 30.3 provides that attorneys shall make a good faith effort to schedule a deposition at a time reasonably convenient and economically efficient to the proposed deponent and all counsel of record. (D.C.COLO.LCivR 30.3) Rule 45(c) of the Federal Rules of Civil Procedure requires that an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Rule 45(c)(3)(A) empowers the court to quash or modify a subpoena that requires a person who is not a party or an officer of a party to travel to a place more that 100 miles from the place where that person resides or is employed or regularly transacts business in person.

Considering the philosophy behind the Rules, which encourages the most economical means for resolving litigation, and under the circumstances of this case, considering the time required to travel between Denver and Grand Junction, whether by car or plane, the expense of travel from Grand Junction to Denver, both in actual cost and in time lost from work, the less expensive and less time consuming place for the depositions of the plaintiffs' witnesses is in Grand Junction, Colorado.

Under the circumstances of this case, an undue burden and expense would be imposed on Plaintiffs if Plaintiffs' counsel and three to four witnesses were required to travel from Grand Junction to Denver for their depositions.

Accordingly it is ordered that the Plaintiffs' Motion for a Protective Order is GRANTED. The depositions of plaintiffs' witnesses who reside and work in the vicinity of Grand Junction, Colorado shall be held in Grand Junction, Colorado.

DATED this 14th day of December, 2006.

BY THE COURT:

s/Gudrun Rice

Gudrun Rice
U.S. Magistrate Judge